## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: Johann Gonzalez | Case No. |
| Plaintiff | COMPLAINT |
| v. | |
| GC Services Limited Partnership<br>6330 Gulfton<br>Houston, TX 77081 | July Demand Requested |
| Defendant | |

### COMPLAINT

Now comes Plaintiff, by and through his attorneys, and, for her Complaint alleges as follows:

1. Plaintiff, Johann Gonzalez, brings this action to secure redress from unlawful collection practices engaged in by Defendant, GC Services Limited Partnership. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. 15 U.S.C. Section 1692g(a) requires that a Debtor must be notified of his or her "Mini-Miranda" rights (as set forth in 1692g(a)) within five (5) days after the initial notice by the Debt Collector in connection with the collection of the debt.

3. The FDCPA broadly prohibits any type of materially deceptive statement in a communication in connection with the attempt to collect a debt. 15 U.S.C. Section 1692e.

4. The Seventh Circuit Court of Appeals held on *Evory vs. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769 (7th Cir. 2007) that communications from debt collectors to Debtors' Attorneys are subject to sections 15 U.S.C.

Section 1692e

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

6. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## STANDING AND INJURY

7. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

8. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

9. The rights and obligations established by section 1692g were considered by the Senate at the time of passage to be a "significant feature" of the Act. "This provision [section 1692g] will eliminate the recurring problem of collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696,

10. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

11. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## PARTIES

12. Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

13. Plaintiff is a resident of the State of Illinois.

14. Defendant ("GC Services Limited Partnership"), is a Texas business entity with an address of 6330 Gulfton, Houston TX 77081 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

15. Unless otherwise stated herein, the term "Defendant" shall refer to GC Services Limited Partnership.

16. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

17. At all relevant times, Defendant owned the Debt or was retained to collect the Debt.

18. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

## FACTS APPLICABLE TO ALL COUNTS

19. On or about June 23, 2016 Plaintiff received a collection call from Defendant.

20. During said telephone call, Plaintiff referred Defendant to his Bankruptcy Attorney.

21. Plaintiff was Discharged from his Bankruptcy on or about June 10, 2016.

22. On or about July 1, 2016, Plaintiff's Attorney received an initial collection letter from Defendant.

23. Said letter states "YOU OWE: NATIONAL STUDENT LOAN PROGRAM (NSLP)". See Exhibit A.

24. On back of said letter, however, it states "Illinois Residents: This regards your loan(s) formerly held by the following creditor(s): WELLS FARGO ED FIN % ACS." See Exhibit A.

25. It is not clear who the original creditor is on this debt, however both creditors are for private student loans.

26. Towards the bottom of said letter, it advises Plaintiff that "[A]s of the date of this letter, you owe $1,609.10. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater." See Exhibit A.

27. In fact Wells Fargo does not charge "other fees" except late fees for delinquent student loans.

28. As stated in *Lox v. CDA, Ltd.*, No. 11-2729 (7th Cir. 2012), a debt collector may not suggest possibilities that can not legally take place.

## FAIR DEBT COLLECTION PRACTICE ACT VIOLATION

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

30. Defendant violated 15 U.S.C. Section 1692e in that it misled Plaintiff by suggesting an outcome that could not legally take place.

31. Defendant violated 15 U.S.C. Section 1692g by contradicting and/or overshadowing the Plaintiff's rights set forth in 15 U.S.C. Section 1692g.

32. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

## JURY DEMAND

(1) Plaintiff demands a trial by jury.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, P.C.
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff